UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONRICK SANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHOOP, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-05477-CRB   (SK)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Regarding Docket No. 39 |

    Now before the Court is the discovery dispute regarding responses by Defendant Whoop, Inc. to Plaintiff Donrick Sanderson's discovery requests. In this case, Plaintiff alleges that Defendant violated California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17602. Specifically, Plaintiff alleges, in this putative class action, that Defendant automatically renewed his subscription without adequate disclosures and without affirmative consent, as required by the Automatic Renewal Law. (Dkt. No. 29 (First Amended Complaint, ¶¶ 19-60).) Bases on these allegations, Plaintiff brings claims for false advertising and unfair competition under Cal. Bus. & Prof. Code § 17500, *et seq.*, unlawful practices under Cal. Bus. & Prof. Code § 17200, *et seq.*, and unfair competition and deceptive acts under the Consumer Legal Remedies Act, California Civil Code § 1770(a)(5).

    **1.  Documents regarding trial memberships.**

    Plaintiffs seek documents from Defendant regarding all types of memberships, including renewals after a one-month free, trial membership. Defendant argues that these documents are not relevant to this case because Plaintiff did not have a one-month free, trial membership and because the law addressing renewals after a free trial is different from the law addressing other types of renewals. Cal. Bus. & Prof. Code § 17602(a)(1), (b)(1)(A). Although Plaintiff in the First Amended Complaint purports to represent a class of all plaintiffs who purchased a membership

1  (without describing the type of membership) with Defendant during the class period, he does not

2  allege that he purchased Defendant's product with a one-month free, trial membership.  (Dkt. No.

3  29.)  Given that the law does provide different standards for renewals after a free gift or trial

4  membership and given that Plaintiff does not allege that he did so, the Court DENIES Plaintiff's

5  motion to compel documents regarding the renewals after the one-month free, trial membership, as

6  irrelevant to the issues in this case.

### 2. Documents Responsive to Request for Production, No. 31.

Plaintiff seeks documents from Defendant responsive to Request for Production, No. 31 that seeks documents showing "the number and proportion of" memberships with Defendant "where no new data was uploaded during any renewal membership term."  At issue is whether there is a need for Defendant to provide evidence about benefits that consumers received during their initial term of membership, as opposed to the renewal periods.  Defendant has agreed to produce evidence for the renewal periods.  Plaintiff argues that this information is necessary to show "value received" from the membership in assessing restitution pursuant to his claim for unfair competition.  *Krueger v. Wyeth, Inc.*, 396 F.Supp.3d 931, 951 (S.D. Cal. 2019).  Defendant argues that the documents are not relevant because Plaintiff can only retain actual damages, and he received the actual value of the first term of membership regardless of how much he used it.  In this case, Plaintiff alleges damages caused by the automatic renewal of the subscription, not the initial subscription period.  Given the nature of harm in this case, the information about the value of the initial term of membership is not relevant.  The Court, thus, DENIES Plaintiff's motion to compel documents responsive to Request for Production, No. 31.

### 3. Documents Responsive to Requests for Production, Nos. 6 and 7.

Plaintiff seeks documents responsive to Requests for Production, Nos. 6 and 7, which seek documents to show how Defendant determines the length of each membership and to show pricing.  Plaintiff argues that the information is relevant to show how automatic renewals are linked to pricing and therefore revenues and profits.  Defendant argues that this information is not relevant.  The Court finds that the information is relevant and thus ORDERS Defendant to produce documents responsive to Requests for Production, Nos. 6 and 7.

**4.      Timing.**

Plaintiff complains that Defendant has delayed in responding to discovery and seeks an order requiring Defendant to substantially complete production of documents by August 16, 2024 and to complete production by August 21, 2024.  Defendant states that it is attempting to meet these goals.  The Court ORDERS Defendant to substantially complete its production of documents by August 16, 2024 and complete production by August 21, 2024.

Plaintiff also seeks a response to Interrogatory No. 2 by August 16, 2024.  Defendant stated that it will do so.  Thus, no order is necessary as to Interrogatory No. 2.

**IT IS SO ORDERED**.

Dated: August 13, 2024

_____
SALLIE KIM
United States Magistrate Judge