COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
EMILY ABBEY (341762)
(eabbey@cooley.com)
RYAN YLITALO (356685)
(rylitalo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

MICHAEL N. SHEETZ (*Pro Hac Vice*)
(msheetz@cooley.com)
500 Boylston Street
Boston, MA 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

Attorneys for Defendant
WHOOP, INC.

Simon Franzini (Cal. Bar No. 287631)
(simon@dovel.com)
Jonas Jacobson (Cal. Bar No. 269912)
(jonas@dovel.com)
Gabriel Z. Doble (Cal. Bar No. 335335)
(gabe@dovel.com)
DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656 7066
Facsimile: (310) 656 7069

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONRICK SANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOOP, INC.,<br><br>Defendant. | Case No. 3:23-cv-05477-CRB<br><br>[~~Proposed~~] Order re Joint Omnibus Sealing Motion Regarding Whoop, Inc.'s and Plaintiff's Motions for Summary Judgment, Plaintiff's *Daubert* Motions, and Related Filings Per October 28, 2025 Order (Dkt. No. 94)<br><br>Hon. Charles R. Breyer |

Pursuant to Civil Local Rule 79-5 and this Court's Order (Dkt. No. 94), Plaintiff Donrick Sanderson ("Plaintiff") and Whoop, Inc. ("Whoop"; together with Plaintiff, the "Parties") have filed a Joint Omnibus Sealing Motion to seal documents that contain information the Parties contend is sealable under controlling authority.

The Parties' respective requests to seal are their own. The "Basis for Sealing" content below was proposed by the party making the request for that entry.

Having considered the Joint Omnibus Sealing Motion, all associated declarations, exhibits, and any argument of counsel:

**IT IS HEREBY ORDERED** that the Joint Omnibus Sealing Motion is **GRANTED**, as ordered in the below tables. Accordingly:

1. The unredacted versions of the documents sought to be sealed shall remain under seal; and

2. The public shall only have access to the versions of the documents sought to be sealed in which the following portions have been redacted as follows:

I.   **RULINGS ON DEFENDANT'S SEALING REQUESTS**

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Defendant's Motion for Summary Judgment (Dkt. No. 96-2) | Portions highlighted at page 3 | **Whoop technology:** I understand the information requested to be sealed to reveals confidential and proprietary information regarding how often members create cycles during their initial commitment period. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals proprietary member metrics, which are competitively sensitive. It is my understanding that public disclosure of these metrics would harm Whoop competitively, as it could allow competitors improper insight into sensitive details regarding how often members use their strap. | |
| Ex. 1 to Hemann Declaration | Portions highlighted at pages 5, | **Business strategy, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| ISO Defendant's Motion for Summary Judgment – Expert Report of Dr. Keith Wilcox (Dkt. No. 96-2) | 10, 16, 19, 26, 32, 36, 37–39, 74, 76, 77 only n. 210 and 212 | information regarding the internal business strategy (marketing/pricing/website design), sales channel performance, member feedback, and how often members open their app. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how Whoop differentiates itself competitively and its strategy in the market, as well as member feedback and metrics, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable strategic decision making and member feedback and metrics. | |
| Ex. 2 to Hemann Declaration ISO Defendant's Motion for Summary Judgment – Nathan Giacalone Vol. II Depo Excerpts (Dkt. No. 96-3) | Portions highlighted at pages 296, 341–42 in **Exhibit A** to the concurrently filed Forderer Declaration | **Whoop technology, business strategy:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding sensitive details of how Whoop straps collect and process data and how Whoop maintains and structures internal marketing email data. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions and the type of information Whoop collects regarding its marketing email campaigns, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its marketing campaigns. | |
| Ex. 3 to Hemann Declaration ISO Defendant's Motion for Summary | Portions highlighted at pages 12, 136–37, 181, 189 in **Exhibit B** to the | **Whoop technology, business strategy:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding sensitive details of how Whoop straps collect and process data, how Whoop maintains and structures cycle data, and the systems used to process order confirmations. | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Judgment – Nathan Giacalone Vol. I Depo Excerpts (Dkt. No. 96-4) | concurrently filed Forderer Declaration | Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions, how Whoop maintains cycle data, and the software used to produce order confirmations, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its data, as well as the preferred vendor of Whoop for order confirmation emails. | |
| Ex. 4 to Hemann Declaration ISO Defendant's Motion for Summary Judgment – Expert Rebuttal Report of Dr. Thomas McGahee (Dkt. No. 96-5) | Portions highlighted at pages 2–3, 5–6, 9 n. 21 only, 10 n. 27 only, 11 n. 33 only, 12, 16–21, 27–31, 33, 37–42, 44–48<br><br>Portions highlighted at Exs. 1, 2, 3a–d, 4a–b, 5a–d, 6a–d | **Revenue, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements, member strap usage, internal member data structure, how the Whoop strap functions, and how Whoop cycle data is structured. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions, how Whoop maintains cycle and member data, revenue metrics, and its competitive performance, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its data, member strap usage, revenue metrics, and competitive performance. | |
| Ex. 9 to Hemann Declaration ISO Defendant's Motion for Summary | Entire document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop. Whoop maintains this information as confidential in the ordinary course of business, and this | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Judgment – Renewal Reminder Email Template (Dkt. No. 96-8) | | information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into the software code Whoop designs its renewal reminder emails with. | |
| Ex. 13 to Hemann Declaration ISO Defendant's Motion for Summary Judgment – February 11, 2021 Order Confirmation Email (Dkt. No. 96-12) | Portion highlighted at page 5 in **Exhibit C** to the concurrently filed Forderer Declaration | **Personally Identifiable Information:** I understand that most of this order confirmation email was redacted for the sender's PII prior to production.  However, the sender's name was inadvertently not redacted on the very bottom of the email.  Whoop maintains this information as confidential in the ordinary course of business. | |
| Ex. 15 to Hemann Declaration ISO Defendant's Motion for Summary Judgment – Whoop Internal Record Reflecting Plaintiff's Cycle Data (Dkt. No. 96-14) | Entire document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding how Whoop structures and maintains cycle data for members.  Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive technical details on how Whoop structures and maintains cycle data for members, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop structures its member data, which is integral to the Whoop service. | |
| Ex. 16 to Hemann Declaration ISO Defendant's | Entire document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop.  Whoop | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Motion for Summary Judgment – Renewal Reminder Email Template (Dkt. No. 96-15) | | maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its renewal reminder emails. | |
| Ex. 17 to Hemann Declaration ISO Defendant's Motion for Summary Judgment – Internal Whoop Record Showing Emails Sent to and Opened by Plaintiff (Dkt. No. 96-16) | Entire document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding how Whoop structures and maintains data on marketing campaign emails sent to members. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop structures email campaign data and the type of data collected, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop structures its email campaign data and the type of data it collects about those emails. | |
| Plaintiff's Motion for Summary Judgment (Dkt. No. 98-2) | Portions highlighted at pages i, 26, 27 | **Revenue:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on revenue metrics and the competitive performance of Whoop, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into how Whoop is | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| | | competitively performing and its revenue with a particular customer base. | |
| Ex. 1 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Nathan Giacalone Vol. I Depo Excerpts (Dkt. No. 98-5) | Portions surrounded in red boxes at pages 12, 175 in **Exhibit D** to the concurrently filed Forderer Declaration | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding sensitive details of how Whoop straps collect and process data and the systems used to process and store member data. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions and the software used to capture and store member data, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its data, as well as the preferred vendor of Whoop for capturing and storing member data, of which Whoop has no equivalent insight of its competitors. | |
| Ex. 8 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – October 19, 2023 Order Confirmation Email (Dkt. No. 98-12) | Portions highlighted at page 4 in **Exhibit E** to the concurrently filed Forderer Declaration | **Personally Identifiable Information:** I understand that most of this order confirmation email was redacted for the sender's PII prior to production. However, PII in the body of the email was inadvertently not redacted. Whoop maintains this information as confidential in the ordinary course of business. | |
| Ex. 11 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Renewal | Entire Document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Reminder Template (Dkt. No. 98-15) | | reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its renewal reminder emails. | |
| Ex. 13 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Renewal Reminder Template (Dkt. No. 98-17) | Entire Document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its renewal reminder emails. | |
| Ex. 14 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Renewal Reminder Template (Dkt. No. 98-18) | Entire Document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its renewal reminder emails. | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Ex. 15 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Renewal Reminder Template (Dkt. No. 98-19) | Entire Document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the code used to design renewal reminder emails sent by Whoop. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop designs its renewal reminder emails to customers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its renewal reminder emails. | |
| Ex. 16 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Expert Rebuttal Report of Dr. Thomas McGahee (Dkt. No. 98-20) | The same portions are sought here as in Dkt. No. 96-5 | **Duplicate document:** I understand the Expert Rebuttal Report of Dr. Thomas McGahee was filed twice. The reasons for sealing are the same as the reasons given above. | |
| Ex. 17 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – Expert Report of Dr. Megan Todd (Dkt. No. 98-21) | Portions highlighted at pages 3–9 in **Exhibit F** to the concurrently filed Forderer Declaration | **Whoop technology, revenue:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements, member strap usage, internal member data structure, how the Whoop strap functions, and how Whoop cycle data is structured. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions, how | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| | | Whoop maintains cycle and member data, revenue metrics, and competitive performance, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its data, member strap usage, proprietary revenue metrics, and competitive performance. | |
| Ex. 18 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment – First Supplemental Expert Report of Dr. Megan Todd (Dkt. No. 98-22) | Portions highlighted at page 1 and Supplemental Exhibits 3–4.1 in **Exhibit G** to the concurrently filed Forderer Declaration | **Whoop technology, revenue:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements, member strap usage, internal member data structure, how the Whoop strap functions, and how Whoop cycle data is structured. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how the Whoop strap technology functions, how Whoop maintains cycle and member data, revenue metrics, and competitive performance, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details about Whoop technology and its data, member strap usage, proprietary revenue metrics, and competitive performance. | |
| Plaintiff's Motion to Exclude the Expert Opinions of Dr. Thomas McGahee (Dkt. No. 103-2) | Portions highlighted at pages 2, 4 | **Revenue:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on revenue metrics and competitive performance of Whoop, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| | | competitors improper insight into valuable details about how Whoop is competitively performing with a particular set of customers. | |
| Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 108-2) | Portions highlighted at pages 1, 3 (line 23 only), 16 (lines 18, 24 only), 17, 18, 23 (lines 16–28 only), 24 | **Member feedback, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding member feedback and how often members create cycles.  Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive information on member feedback and metrics, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details on how Whoop members perceive its service and how often members use their straps. | |
| Ex. 19 to Doble Declaration ISO Plaintiff's Opposition to Defendant's Motion for Summary Judgment – Internal Whoop Design Document of Choose Membership Page (Dkt. No. 108-4) | Entire Document | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal design documents for the Whoop website.  Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive technical details on design of the Whoop website, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its website. | |
| Ex. 20 to Doble Declaration ISO Plaintiff's Opposition to Defendant's Motion for | Portions surrounded in red boxes at pages 38–39, 45, 50–53, 232–33, 235 in **Exhibit H** to | **Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding the software used to design the Whoop website and how Whoop stores and maintains members' inbound inquiries.  Whoop maintains this information as confidential in the ordinary course of business, and this | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Summary Judgment – Nathan Giacalone Vol. I Depo Excerpts (Dkt. No. 108-5) | the concurrently filed Forderer Declaration | information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive technical details on how Whoop designs its websites and stores/processes member inbound inquiries, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable technical details regarding how Whoop designs its website and how it processes inbound member inquiries. | |
| Ex. 21 to Doble Declaration ISO Plaintiff's Opposition to Defendant's Motion for Summary Judgment – Plaintiff's Excerpts of Member Feedback (Dkt. No. 108-6) | Entire Document | **Member feedback:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding member feedback. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on member feedback, which is competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details on how Whoop members perceive its service, which Whoop took great effort to procure. | |
| Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 111-1) | Portions highlighted at pages 1, 20–21 | **Revenue, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements and member strap usage. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on revenue metrics, competitive performance, and how often members use their straps, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details about Whoop revenue metrics, | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| | | competitive performance, and how often its members use their straps. | |
| Defendant's Opposition to Plaintiff's Motion to Exclude Dr. McGahee (Dkt. No. 118-1) | Portions highlighted at pages 2–3 | **Revenue, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding internal revenue measurements and member strap usage. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on revenue metrics, competitive performance, and how often members use their straps, which are competitively sensitive. It is my understanding that public disclosure of this information could harm Whoop competitively, as it would allow competitors improper insight into valuable details about Whoop revenue metrics, competitive performance, and how often its members use their straps. | |
| Defendant's Reply ISO Motion for Summary Judgment (Dkt. No. 121-1) | Portions highlighted at pages 5, 10–13, 15 | **Whoop technology, revenue, member feedback:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding member feedback, revenue metrics, and how often members create cycles. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on member feedback and metrics as well as revenue numbers, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details on how Whoop members perceive its service, how often members use their straps, and Whoop revenue metrics and competitive performance. | |
| Declaration of Kristine Forderer ISO Defendant's | Portions highlighted at ¶¶ 2, 5–6 | **Member feedback:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding member feedback. Whoop maintains this information as confidential in the ordinary | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Reply (Dkt. No. 121-2) | | course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive information on member feedback, which is competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details on how Whoop members perceive its service, which Whoop took great effort to procure. | |
| Plaintiff's Reply ISO Motion for Summary Judgment (Dkt. No. 123-2) | Portions highlighted at pages 1, 7, 11 | **Revenue, Whoop technology:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding revenue and member metrics.  Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive information on revenue and member metrics, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details on internal Whoop member and revenue metrics, and competitive performance. | |
| Ex. 24 to Doble Declaration ISO Plaintiff's Reply – Nathan Giacalone Vols. I, II Depo Excerpts (Dkt. No. 123-4) | Portions surrounded in red boxes at pages 254, 295–296, 396 in **Exhibit I** to the concurrently filed Forderer Declaration | **Business strategy:** I understand the information requested to be sealed to reveal confidential and proprietary information regarding sales channel performance, non-public Whoop policies towards members, and the structure of Whoop design teams.  Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop.  Such information reveals important, sensitive information on how Whoop differentiates itself competitively and its strategy in the market, as well as how it structures its internal teams, which are competitively sensitive.  It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| | | details about strategic decision making and competitive performance. | |
| Ex. 25 to Doble Declaration ISO Plaintiff's Reply – Internal Whoop Strategy Discussion (Dkt. No. 123-5) | Entire document | **Business strategy:** I understand the information requested to be sealed to reveal a confidential and proprietary discussion regarding pricing and member structure strategy with Whoop partners. Whoop maintains this information as confidential in the ordinary course of business, and this information is not generally known to the public or competitors of Whoop. Such information reveals important, sensitive information on how Whoop differentiates itself competitively and its strategy in the market, which are competitively sensitive. It is my understanding that public disclosure of this information would harm Whoop competitively, as it could allow competitors improper insight into valuable details about strategic decision making and competitive performance. | |

II.   RULINGS ON PLAINTIFF'S SEALING REQUESTS

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Ex. 4 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-5 / 97-5). | Plaintiff's Whoop user ID (p.9 n.21, p.11 n.33). | This document contains Plaintiff's personally identifying information. Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft. In addition, this information has little or no relevance to any material issue in this case. | |
| Ex. 10 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-9 / 97-11). | Plaintiff's home address, email address, and phone number. | This document contains Plaintiff's personally identifying information. Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft. In addition, this information has little or no relevance to any material issue in this case. | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Ex. 14 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-13 / 97-15). | Plaintiff's home address and email address. | This document contains Plaintiff's personally identifying information.  Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft.  In addition, this information has little or no relevance to any material issue in this case. | |
| Ex. 18 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-17 / 97-19). | Plaintiff's home address and email address. | This document contains Plaintiff's personally identifying information.  Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft.  In addition, this information has little or no relevance to any material issue in this case. | |
| Ex. 19 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-18 / 97-20). | Plaintiff's email address. | This document contains Plaintiff's personally identifying information.  Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft.  In addition, this information has little or no relevance to any material issue in this case. | |
| Ex. 20 to Hemann Declaration ISO Whoop's Motion for Summary Judgment (Dkt. No. 96-19 / 97-21). | Plaintiff's home address and email address. | This document contains Plaintiff's personally identifying information.  Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft.  In addition, this information has little or no relevance to any material issue in this case. | |
| Ex. 10 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment (Dkt. No. 98-14 / 99-11). | Plaintiff's email address. | This document contains Plaintiff's personally identifying information.  Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft.  In addition, this information has little or no relevance to any material issue in this case. | |

| Document | Portion(s) to Seal | [PROPOSED] Basis for Sealing | Order |
|---|---|---|---|
| Ex. 16 to Doble Declaration ISO Plaintiff's Motion for Summary Judgment (Dkt. No. 98-20 / 99-17). | Plaintiff's Whoop user ID (p.9 n.21, p.11 n.33). | This document contains Plaintiff's personally identifying information. Plaintiff has a compelling interest in keeping his personally identifying information private and preventing exposure to harm or identity theft. In addition, this information has little or no relevance to any material issue in this case. | |

**IT IS SO ORDERED.**

Dated: January 12, 2026

_____
Honorable Charles R. Breyer
United States District Court Judge