Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff and the Class*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DONRICK SANDERSON, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

WHOOP, INC.,

*Defendant.*

Case No. 3:23-cv-05477-CRB

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO DISMISS CASE WITHOUT PREJUDICE**

Judge: Hon. Charles R. Breyer

Plaintiff Donrick Sanderson ("Plaintiff") and Defendant Whoop, Inc. ("Defendant," and together with Plaintiff, the "Parties") stipulate as follows:

WHEREAS, on July 2, 2026, the Court issued an order denying summary judgment with respect to Plaintiff's legal claims under the Consumers Legal Remedies Act and dismissing Plaintiff's equitable claims without prejudice to his re-filing in state court (Dkt. 150, 157). Consistent with the Court's order, Plaintiff re-filed the equitable claims previously pending here in Superior Court, in a case styled *Sanderson v. Whoop, Inc.*, Case No. 26CU040807N (the "State Court Action");

WHEREAS, after the Court issued its summary judgment order, the Parties participated in mediation with Judicate West on July 23, 2026. Subsequent to the mediation, the Parties reached a settlement in principle. The settlement covered both (1) the legal claim currently pending before this Court; and (2) the equitable claims previously pending here and which were dismissed in the Court's summary judgment order and re-filed in the State Court Action;

WHEREAS, the Parties executed the long-form Settlement Agreement on October 23, 2026;

WHEREAS, the Settlement Agreement provides that Defendant will establish and fund an $11 million, non-reversionary cash common fund, amounting to approximately 39% of the $28.2 million full-refund damages that Plaintiff was seeking in this case for the claims subject to the settlement, *see* Dkt. 98-2;

WHEREAS, the State Court Action is pending in a court of general jurisdiction with the authority to adjudicate and to approve the resolution of both the legal and equitable claims asserted on behalf of Plaintiff and the Class;

WHEREAS, the Parties agree that seeking a single approval of the Settlement Agreement in the State Court Action—rather than two separate approval proceedings in this Court with respect to the legal claims and in the State Court Action with respect to the equitable claims—will conserve judicial and Party resources, avoid duplicative and potentially confusing notice to Class Members, and promote the orderly and efficient resolution of all of Plaintiff's and the Class's claims;

WHEREAS, therefore, Plaintiff now seeks to dismiss the claims pending here and consolidate them with the ones pending in the State Court Action, so that the Parties can seek approval of the Settlement Agreement, which resolves both sets of claims, in the State Court Action;

WHEREAS, the Parties agree that, in connection with giving the class notice of the Settlement in the State Action, the Parties will notify the Class of any dismissal;

WHEREAS, the Parties agree that, in the event the Settlement does not receive final approval in the State Court Action or otherwise fails to become effective for any reason, Plaintiff and the Class shall be restored to the position they were immediately prior to this dismissal. In such a scenario, Plaintiff will be permitted to file a motion to reopen and reinstate this case on behalf of the Class and continue to assert the claims currently pending here in the reopened and reinstated case. The Parties agree that the Court shall retain jurisdiction over this action for the limited purpose of reinstating and reopening this action consistent with this stipulation. The Court shall preside over any reopened and reinstated case, and this Court's prior orders will remain binding on the Parties and the Class, including but not limited to the Court's class certification order (Dkt. 62) and summary judgment order (Dkt. 150).

WHEREAS, the dismissal of this action without prejudice will not release, extinguish, waive, or otherwise adversely affect any claim by any Class Member because (1) the dismissal is without prejudice; (2) all Class Members' claims being dismissed here will be added to State Court Action; and (3) should the Settlement Agreement not receive final approval in the State Court Action or otherwise fail to become effective for any reason, Class Members will be restored to the position they were in before dismissal;

WHEREAS, because (1) the notice of the Settlement Agreement will inform Class Members of the dismissal without prejudice of this action, and (2) no Class Member's rights will be compromised by the dismissal of this action, the Parties agree that no further notice of the dismissal is necessary.

NOW, THEREFORE, the Parties hereby stipulate, subject to Court approval, that:

1. This action, Case No. 3:23-cv-05477-CRB, is dismissed in its entirety without prejudice.
2. The Court will retain jurisdiction for the limited purpose of reinstating the action in the event the Settlement Agreement does not receive final approval in the State Court Action or otherwise fails to become effective for any reason. In such a situation, Plaintiff may move to reopen and reinstate this action. Upon the granting of such a motion, the Court will reopen and reinstate the action and: (a) this action shall be restored to the procedural posture that

existed as of the date of the entry of the Court's dismissal order; (b) the Court's prior orders in this action will remain binding on the Parties and the Class; and (c) to the extent applicable, any statute of limitations governing the claims asserted in this action shall be tolled from the date of the entry of the Court's dismissal order through to the date that the case is reopened and reinstated.

**IT IS SO STIPULATED**

Dated: October 28, 2026

Respectfully submitted,

By: /s/ Simon Franzini
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff and the Class*

Dated: October 28, 2026

By: /s/ Kristine A. Forderer
Kristine A. Forderer (Cal. Bar No. 278745)
kforderer@cooley.com
John Hemann (Cal. Bar No. 165823)
jhemann@cooley.com
Emily Abbey (Cal. Bar No. 341762)
eabbey@cooley.com
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004 Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Michael N. Sheetz (*Pro Hac Vice*)
(msheetz@cooley.com)
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

*Attorneys for Defendant Whoop, Inc.*

**ATTESTATION OF COMPLIANCE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that the content of this document is acceptable to all other signatories listed and that I obtained authorization to file this document, indicated by a /s/ in lieu of signature(s) on this document.

Dated: October 28, 2026

*<u>/s/ Simon Franzini</u>*
Simon Franzini

**~~[PROPOSED]~~ ORDER**

Having considered the Stipulation to Dismiss Case Without Prejudice, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. This action is dismissed in its entirety without prejudice.
2. The Court retains jurisdiction over this action for the limited purpose of reinstating the action in the event the Settlement Agreement does not receive final approval in the State Court Action or otherwise fails to become effective for any reason. In such a situation, Plaintiff may move to reopen and reinstate this action. Upon the granting of such a motion, the Court will reopen and reinstate the action and: (a) this action shall be restored to the procedural posture that existed as of the date of the entry of the Court's dismissal order; (b) the Court's prior orders in this action will remain binding on the Parties and the Class; and (c) to the extent applicable, any statute of limitations governing the claims asserted in this action shall be tolled from the date of the entry of the Court's dismissal order through to the date that the case is reopened and reinstated.

**IT IS SO ORDERED**

Dated: October 29, 2026

HON. CHARLES R. BREYER

UNITED STATES DISTRICT JUDGE